# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| AGNES KRIBBELER, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-20-2008 |
| | * | |
| ZEN ENTERPRISES CORPORATION, | * | |
| Defendant. | * | |

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

## <u>MEMORANDUM ORDER</u>

Plaintiff Agnes Kribbeler ("Kribbeler"), an Asian-American woman who immigrated to the United States as a child, alleges that Defendant ZEN Enterprises Corporation ("Zen"), a manufacturer of pain relief products, systematically underpaid her in violation of state and federal labor laws. (Second Am. Compl. ¶ 1.) The operative Second Amended Complaint alleges violations of the Maryland Wage Payment and Collection Law, Md. Code, Lab & Emp. §§ 3-501 *et seq.*, and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and brings common law claims for breach of contract, unjust enrichment, and quantum meruit. (*Id.* ¶¶ 51, 59, 63, 68, 73.) However, Plaintiff's First Amended Complaint had alleged additional claims pursuant to Title VII of the Civil Rights Act and Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981(a). (First Am. Compl. ¶¶ 50, 58, 65, ECF No. 24.) Now pending is Plaintiff's Amended Motion for Leave to Amend (ECF No. 61). Plaintiff seeks to reintroduce both civil rights claims, which she contends were inadvertently omitted from the Second Amended Complaint. (Mot. Leave to Amend 2, ECF No. 61.) The parties' submissions have been

reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the following reasons, Plaintiff's Amended Motion for Leave to Amend (ECF No. 61) is **GRANTED**.

**STANDARD OF REVIEW**

Rule 15(a) of the Federal Rules of Civil Procedure provides the general framework for amending pleadings. Specifically, Rule 15(a) provides that, after a response pleading is served, a plaintiff may amend his complaint "by leave of court or by written consent of the adverse party." In general, leave to amend a complaint pursuant to Rule 15(a) shall be "freely" granted "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962); *Lance v. Prince George's County, Md.*, 199 F. Supp. 2d 297, 300-01 (D. Md. 2002). Nevertheless, the matter is committed to the discretion of the district court, which may deny leave to amend "when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Center v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010); *see also Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 769 (4th Cir. 2011); *Steinburg v. Chesterfield Cnty. Planning Comm'n*, 527 F.3d 377, 390 (4th Cir. 2008).

**ANALYSIS**

Kribbeler seeks to amend her Complaint to remove Count VI, Wrongful Termination in Violation of Public Policy, and to reintroduce claims under Title VII of the Civil Rights Act and Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981(a). (Mot. Leave to Amend 2, ECF No. 61; Third Am. Compl., ECF No. 61-1.) Through these additional allegations, Kribbeler alleges her employer subjected her to unequal pay on account of her "national origin, color, race, and sex." (Third Am. Compl. ¶¶ 79–90.) These claims were removed in the Second

Amended Complaint, but Kribbeler claims that this omission was inadvertent. (Mot. 2; Repl. Supp. 6–7 ("Ms. Kribbeler never intended to dismiss her civil rights claims and those claims were not intentionally removed from the Second Amended Complaint.")). Zen argues that Kribbeler's claims are futile, and that it would be prejudiced by any further amendments.

"Prejudice to the opposing party will often be determined by the nature of the amendment and its timing." *Adbul-Momit v. Alexandria Hyundai, LLC*, 896 F.3d 278, 293 (4th Cir. 2018). "[D]elay alone is insufficient reason to deny a motion to amend." *Matrix Cap. Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009). However, a proposed amendment may be prejudicial to the opposing party if it is belated and "would change the nature of the litigation." *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 604 (4th Cir. 2010); *Deasy v. Hill*, 833 F.2d 38, 42 (4th Cir. 1987) ("Belated claims which change the character of litigation are not favored."). Zen argues that Kribbeler voluntarily dismissed her civil rights claims when she omitted them from the Second Amended Complaint, and that Zen would be prejudiced if it was required "to devote the time and expense to move to dismiss these claims for a second time." (Resp. Opp. 5.) This argument mischaracterizes the posture of this case, as Kribbeler did not voluntarily dismiss her claims—she alleges that she inadvertently omitted them from the Second Amended Complaint. (Repl. Supp. 6–7.) As Zen has already fully briefed a motion to dismiss addressing these claims, this Court finds that the defendant would not be prejudiced by their reintroduction. Furthermore, no scheduling order has been entered in this case, and little discovery has been taken.

In addition, Zen also argues that the proposed amendments are futile, as neither civil rights claim would survive a motion to dismiss. (Resp. Opp. 3–5.) "A proposed amendment

is futile when it is 'clearly insufficient or frivolous on its face,'" or "if the claim it presents would not survive a motion to dismiss." *Save Our Sound OBX, Inc. v. N.C. Dep't of Transp.*, 914 F.3d 213, 228 (4th Cir. 2019) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986)); *accord In re Triangle Cap. Corp. Sec. Litig.*, 988 F.3d 743, 750 (4th Cir. 2021); *Martin v. Duffy*, 858 F.3d 239, 247–48 (4th Cir. 2017). Importantly, "the review for futility is not an evaluation of the underlying merits of the case. To the contrary, '[u]nless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations . . . conjecture about the merits of litigation should not enter into the decision whether to allow amendment.'" *Crete Carrier Corp. v. Sullivan & Sons, Inc.*, No. ELH-21-328, 2022 WL 313865, at *8 (D. Md. Feb. 1, 2022) (Hollander, J.) (quoting *Next Gen. Grp. v. Sylvan Learning Ctrs., LLC*, CCB-11-0986, 2012 WL 37397, at *3 (D. Md. Jan. 5, 2012)).

A plaintiff alleging employment discrimination must (a) provide direct evidence that discrimination motivated the challenged employment decision; or (b) apply the three-step burden-shifting framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), to establish that the employer's proffered reason for the decision was a pretext for unlawful discrimination. *Hill v. Lockheed Martin Logistics Mgmt.*, 354 F.3d 277, 284-86 (4th Cir. 2004) (en banc). "A prima facie pay-disparity case under *McDonnell Douglas* requires a plaintiff to [plead:] (1) she is a member of a protected class, (2) she was performing her job satisfactorily, (3) an adverse employment action occurred, and (4) the circumstances suggest an unlawfully discriminatory motive." *Spencer v. Va. State Univ.*, 919 F.3d 199, 207 (4th Cir. 2019) (citing *McDonnell Douglas*, 411 U.S. at 802). Additionally, both civil rights claims contain an implicit causation element: Title VII requires the plaintiff to plead that "discrimination was a

motivating factor in the defendant's decision," while § 1981 requires the plaintiff to allege that

"but for race, [she] would not have suffered the loss of a legally protected right." *Comcast Corp.*

*v. Nat'l Assoc. of African Am.-Owned Media*, 140 S. Ct. 1009, 1117–19 (2020).

Zen argues that the Amended Complaint "fails entirely to allege any facts that can

support the assertion that, but-for her race, she would have been paid the money she alleges

she is owed." (Resp. Opp. 3.) However, the proposed Third Amended Complaint contains

two allegations with respect to Kribbeler's race and national origin: (1) in September 2016, her

supervisor said that "[he] would never have known" she was Asian based on her phone

interview (Third Am. Compl. ¶ 20); and (2) in August 2018, company owner Lloyd Lake "took

away all the American accounts she had worked on for the prior three and a half years and

told her to go work on "Asian Accounts." (*Id.* ¶ 30.) These allegations are not "clearly

insufficient"—viewed in the light most favorable to Kribbeler, they suggest "an unlawfully

discriminatory motive" that may have been a causal contributor to the putative underpayment.

*Spencer*, 919 F.3d at 207. Accordingly, amending the complaint to reintroduce these claims

would not be futile. This Court declines to engage in further "conjecture about the merits" at

this stage in the litigation. *Crete Carrier Corp.*, 2022 WL 313865, at *8.

## CONCLUSION

For the foregoing reasons, Plaintiff's Amended Motion for Leave to Amend (ECF No.

61) is **GRANTED.**

Dated: March 21, 2022

_____/s/_____
                    Richard D. Bennett
                    United States Senior District Judge