IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **AGNES KRIBBELER,** | * | |
| Plaintiff, | * | |
| | * | Case No. 1:20-CV-02008-JRR |
| v. | * | |
| **ZEN ENTERPRISES CORPORATION,** | * | |
| Defendant. | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Pending before the court is Defendant Zen Enterprises Corporation's Motion to Set Aside Default (ECF No. 93; the "Motion") and the opposition and reply papers. No hearing is necessary. Local Rule 105.6 (D. Md. 2023). For the reasons that follow, the Motion will be granted.

**I.   BACKGROUND**

Plaintiff initially filed her complaint in the Circuit Court for Howard County on July 8, 2020. The case was removed to this court on July 9, 2020. Between July and November 2020, Defendant filed several stipulations for extensions of time all of which were granted. In November 2020, Plaintiff, acting in a *pro se* capacity, filed an amended complaint. (ECF No. 24.) In December 2020, Defendant filed a motion to dismiss the amended complaint. (ECF No. 27.) Plaintiff filed a motion for extension of time to respond to Defendant's motion to dismiss (ECF No. 32) which was granted (ECF No. 33). In April 2021, Plaintiff filed a motion for leave to file a Second Amended Complaint (ECF No. 40), which was granted (ECF No. 42). The Second Amended Complaint was docketed on May 11, 2021. (ECF No. 43.) In December 2021, Plaintiff filed another motion for leave to amend the complaint (ECF No. 61), which was granted in March

2022 (ECF No. 66). The Third Amended Complaint was docketed March 21, 2022, and is the operative pleading in this matter.

On April 29, 2022, the case was transferred to Judge Julie R. Rubin, who currently presides over the action. In May 2022, Defendant answered the Third Amended Complaint. The court issued a scheduling order in September 2022. The parties filed joint motions to amend the scheduling order in January and March of 2023 (ECF Nos. 73 and 76), which were granted (ECF Nos. 74 and 77).

On March 28, 2023, the court referred the case to a United States Magistrate Judge for mediation. (ECF No. 75.) In May 2023, counsel for Defendant withdrew their appearance, leaving Defendant unrepresented. In August 2023, the court ordered Defendant to show cause why default should not be entered against it. (ECF No. 80.) On September 1, 2023, Defendant filed a motion for extension of time (30 days) to retain counsel (ECF No. 82), which Plaintiff opposed. (ECF No. 84.) The court denied the motion for extension of time as moot on October 13, 2023, because Defendant still had not obtained counsel despite the additional passage of six weeks since Defendant's request for a 30-day extension. (ECF No. 86.)

On October 16, 2023, the Clerk of Court entered default against Defendant. On October 18, 2023, through counsel, Defendant filed the instant Motion.

II.     **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 55(c) "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." When a default has been entered against a defendant, but a default judgment has not been issued, a motion to set aside entry of default is evaluated under the "good cause" standard set forth in Rule 55(c). *Wainwrights Vacations, LLC v. Pan Am*, 130 F. Supp. 2d 712, 717 (D. Md. 2001). "Generally a

default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense." *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249 (4th Cir. 1967). The disposition of a motion to set aside entry of default is "'committed to the sound discretion of the trial court' and should be disturbed only upon a finding of an abuse of discretion." *Palmetto Fed. Sav. Bank of S.C. v. Indus. Valley Title Ins. Co.,* 756 F. Supp. 925, 929-30 (D.S.C. 1991) (quoting *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir. 1987).

## III.  DISCUSSION

Defendant asserts that it acted with reasonable promptness in moving to set aside the default and that there are meritorious defenses to Plaintiff's claims. (ECF No. 93-1.) Plaintiff asserts that Defendant's Motion does not address all the required factors applicable to a motion to set aside default judgment. (ECF No. 100 at 6.) Plaintiff is correct that Defendant's Motion does not address the factors applicable to set aside a default judgment, but Defendant is not required to do so.[1] Here, the Clerk entered an Order of Default pursuant FED. R. CIV. P. 55(a), but default judgment pursuant to FED. R. CIV. P. 55(b) has not been entered against Defendant. Therefore, the less onerous good cause standard applies, and the court need only evaluate whether Defendant acted with reasonable promptness and articulates a meritorious defense. *Consolidated Masonry,* 383 F.2d at 251. *See also Esteppe v. Patapsco & Back Rivers R.R. Co.,* 2001 U.S. Dist. LEXIS 7112, 2001 WL 604186, *12-14 (D. Md. May 31, 2001) (acknowledging FED. R. CIV. P. 60(b) but

---

[1] Plaintiff asserts that the court should consider "whether the moving party can demonstrate a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." (ECF No. 100 at 6) (citing *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006)). The factors set forth by Plaintiff are factors a court considers when setting aside a final default judgment under FED. R. CIV. P. 60(b). *See United States v. Moradi*, 673 F.2d 725, 728 (4th Cir. 1982) (recalling the Court's application of factors cited by Plaintiff in a case that dealt with involuntary dismissal and finding that the factors apply to motions setting aside default judgment.)

addressing the motion to set aside default and the reasonable promptness and meritorious defense standard.)

### A. Reasonable Promptness

Here, Defendant acted with reasonable promptness in moving to set aside the entry of default. Counsel for Defendant submitted the Motion only two days after the Clerk entered default. *See Esteppe*, 2001 WL 604186 at *12 (finding the plaintiff acted with reasonable diligence by filing the motion to set aside within three weeks of entry of default); *Lolachty*, 816 F.2d at 954 n.10 (finding that a ten-month delay in filing a motion to set aside was reasonable).

### B. Meritorious Defense

To establish a meritorious defense, the moving party should proffer evidence which would permit a finding for the defaulting party. *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988). *See also Moradi*, 673 F.2d at 727 (explaining that "all that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party.")

Defendant offers the following as meritorious defenses:

> a. Whether Count VI of the Third Amended Complaint should be summarily dismissed for its failure to plead and prove the **exhaustion of administrative remedies**, as required under Title VII of the 1964 Civil Rights Act and related regulations, 42 U.S.C. §2000e–5(f)(1) and 29 CFR § 1601.28;
>
> b. Whether Plaintiff Kribbeler can establish **employment**, rather than independence as a contractor for the Defendant, under the facts as pled in the Third Amended Complaint;
>
> c. Whether the requested exercise of **Maryland criminal jurisdiction**, not civil diversity jurisdiction, over Zen Enterprises Corporation under paragraph B. of the Prayer for Relief is proper;

    d. Whether Count VII of the Third Amended Complaint and its related factual recitations properly plead sufficient **non-conclusory** facts of race-based malice, harassment and abuse under 42 U.S.C. §1981, rather than mere pro forma notice pleading recitations, to meet the requirements of Fed. R. Civ. P. 8 under the Iqbal and Twombly standards. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

(ECF No. 93-1, ¶ 8.) Plaintiff does not contest that Defendant has offered meritorious defenses, but instead argues that this factor is insufficient to overcome the other factors supporting "default judgment." (ECF no. 100 at 9.) As the court earlier noted, the factors used to assess setting aside default judgment do not apply to motions to set aside default. Further, the court is satisfied that Defendant has raised good faith defenses that, if believed, would permit the court or a jury to find in its favor. In light of the Fourth Circuit's strong preference that cases be decided on their merits rather than by way of the default procedure, the court finds Defendant satisfies the meritorious defense element. *Colleton Prep. Acad., Inc. v. Hoover Univ.,* 616 F.3d 413, 417-18 (4th Cir. 2010.)

## IV.    CONCLUSION

    For the reasons set forth herein, by accompanying order, the Motion will be granted and the default vacated.

/S/
_____

Julie R. Rubin
United States District Judge

January 31, 2024