**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

AGNES KRIBBELER,

    *Plaintiff*,

    v.

ZEN ENTERPRISES CORPORATION,

    *Defendant.*

Civil No.: 1:20-cv-02008-JRR

**MEMORANDUM ORDER**

Pending before the court is Plaintiff's Motions in Limine.  (ECF No. 140; the "Motion.")  The court has reviewed all papers; no hearing is necessary.  Local Rule 105.6 (D. Md. 2025).

**Motion in Limine No. 1**

Plaintiff first requests that the court "preclude witnesses from offering legal conclusions that Plaintiff was not an employee."  As a general matter, in accordance with the Rules of Evidence, of course the court will not permit any witness who does not carry the relevant expert designation to testify in a manner that effectively opines as to Plaintiff's legal status vis-à-vis employee versus contractor.  The court, however, declines to issue a blanket order barring the utterance of descriptive language that, depending on the factual context of the witness examination, may be relevant to evaluation of the parties' meeting of the minds (or lack thereof) and good faith subjective belief in connection with a MWPCL good faith dispute.  Moreover, to a limited extent, certain characterizations of Plaintiff's work (*e.g.*, "she worked for herself"—to use Plaintiff's example at ECF No. 140 at p. 2) may be pertinent to certain economic reality factors, including degree of control.  In sum, the court is very mindful not to allow improper legal opinion through the testimony of a fact witness in the manner Plaintiff seeks to prohibit.  But the court will not issue the order Plaintiff requests; it is overbroad and will unnecessarily burden the parties'

presentation of the evidence, particularly where the court is capable of ensuring necessary safeguards are in place to guard against juror confusion.

Relatedly, Plaintiff also asks the court to prohibit testimony regarding "contractual language describing Plaintiff as an independent contractor or tax treatment" because such labels and matters are not dispositive of the economic realities test.  The court agrees that formal contractual designations and tax treatment, alone, are not controlling or dispositive, but neither are they irrelevant.  No party may argue to the jury that such labels are dispositive – and the court's jury instructions will surely make this plain; but the history of the parties' relationship may require testimony and documentary evidence about such matters.  Further, tax treatment and contract classifications may be relevant to the above-referenced MWPCL defense, as well as certain economic reality test factors.

**Motion in Limine No. 2**

In her second request, Plaintiff seeks an order "to preclude Defendant from benefiting from its failure to maintain employment records."  (ECF No. 140 at p. 5.)  Here, Plaintiff puts that proverbial cart before the horse.  Defendant has not been found to be Plaintiff's employer and, in the view of the court, this request purports to foreclose relevant evidence regarding the parties' relationship, record keeping, and the like, which may be relevant to the parties' meeting of the minds as to their relationship, as well as economic realities test factors, including, *inter alia*, permanence of the work relationship.  Plaintiff also seeks an order to preclude Defendant from "challenging Plaintiff's testimony through speculation."  The Rules of Evidence entitle a fact witness to testify "to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."  FED. R. EVID. 602.  Thus, no separate order is

necessary to prohibit testimony based on speculation, as the Federal Rules of Evidence already cover the issue.

For the foregoing reasons, the Motion (ECF No. 140) is **DENIED**.

/S/

_____
Julie R. Rubin
United States District Judge

April 15, 2026